[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11014
Non-Argument Calendar
_____

D.C. Docket No. 5:19-cv-00159-TES

ANGELES FORD,

Plaintiff-Appellant,

versus

HELMS CAREER INSTITUTE,
EDUCATIONAL CREDIT MANAGEMENT CORPORATION,
BASS AND ASSOCIATES,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 11, 2020)

Before MARTIN, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Angeles Ford, proceeding *pro se*, appeals the district court's dismissal without prejudice of her civil action against defendants Bass and Associates, PC ("Bass"); Helms Career Institute ("Helms"); and Educational Credit Management Corporation ("ECMC"). On appeal, Ford argues that the district court clerk failed to docket two filings that she had submitted to the court. According to Ford, if the district court had considered these two filings, it would not have dismissed her claims against the defendants under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–33. But the record reflects that the two documents that Ford claims were omitted actually were before the district court. Furthermore, we cannot say that the district court erred in dismissing Ford's FCA claims because an individual may not maintain a *qui tam* action under the FCA as a *pro se* litigant. We thus affirm.

## I.    FACTUAL BACKGROUND

In this action, Ford alleged that the defendants participated in a scheme to defraud the United States government. According to Ford, Helms, an educational institution, reported to the government that she and other individuals had defaulted on student loans, even though they had never attended Helms and thus owed it no money. According to Ford, defendants Bass and ECMC then attempted to collect the defaulted student loans on behalf of the Department of Education, knowing the debts were illegitimate.

2

In the operative complaint, Ford alleged that the defendants had defrauded the United States and violated the FCA and criminal fraud statutes. Although Ford purported to seek relief under the FCA, she did not follow the required procedures to bring a *qui tam* action under the FCA. She did not bring the action in the name of the United States government, serve a copy of the complaint upon the government, or file her complaint under seal. *See* 31 U.S.C. § 3730(b).

Ford served Helms and ECMC with the complaint. Helms moved to dismiss the complaint. Helms explained that although Ford purported to sue under the FCA, she had not complied with the "very specific statutory framework" and "[s]pecial procedures" that applied when a relator brought an FCA action. Doc. 32 at 3.[1] The district court granted Helms's motion, but it construed Ford's complaint as potentially bringing a state law fraud claim and allowed that claim to proceed.

Meanwhile, Bass entered a "special appearance" in the action, contending that Ford had failed to serve it with the complaint. Doc. 22. Ford moved to strike Bass's pleading, asserting that she had perfected service. Bass responded to the motion to strike, reiterating that Ford had failed to perfect service upon it. Ford then filed a document, titled "Plaintiff's Brief in Support of Motion to Objection and Strike to Defendant Bass," reiterating her position that the court should strike Bass's answer. The district court clerk's office accepted the filing, which appears

---

[1] "Doc." numbers refer to the district court's docket entries.

3

as docket entry 46, labeling it as "Reply to Response . . . re . . . MOTION to Strike."

Ford separately filed a motion for contempt in which she claimed that the defendants engaged in fraudulent and deceptive actions in connection with their attempts to collect a fraudulent student loan debt.  A few weeks after filing the contempt motion—on the same day that Ford submitted the reply in support of her motion to strike—she submitted another filing related to her motion for contempt. She titled her submission as a "Plaintiff's Brief in Support of Motion to Move to Title 31 USC Section 3730."  Doc. 45 at 1.  The district court clerk's office also accepted this filing, which appears at docket entry 45, labeling it as "Reply to Response . . . re MOTION for Contempt."  The district court denied the motion to strike and the motion for contempt.

The district court then entered a series of orders that disposed of the claims remaining in the case.  The court dismissed Ford's claims against Bass on the ground that she had failed to perfect service on Bass within the time period permitted under Federal Rule of Civil Procedure 4(m).  The district court also dismissed Ford's claims against ECMC for failure to state a claim.

At this point, the only claim left in the action was Ford's state law fraud claim against Helms.  Helms moved to dismiss on the ground that there was no diversity jurisdiction because there was no diversity of citizenship between Ford

and Helms.  The court agreed that there was no diversity of citizenship and granted

the motion.  Having dismissed all of Ford's federal claims, the court declined to

exercise supplemental jurisdiction over the state law claim.  This is Ford's appeal.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's grant of a motion to dismiss.  *See*

*Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).

## III.    LEGAL ANALYSIS

Ford argues that the district court's clerk failed to place on the docket two

documents that she sent for filing.  If the district court had reviewed these filings,

she says, it would have allowed her claims under the FCA to go forward.

We begin with Ford's assertion that the clerk failed to place on the docket

two documents she submitted for filing, her "Brief in Support of Motion to

Objection and Strike . . ." and her "Brief in Support of Motion to Move to Title 31

USC section 3730."  The record shows, however, that these documents were filed

and included in the district court record at docket entries 45 and 46.  Because these

documents were in fact before the district court, we are left with Ford's argument

that the district court erred in dismissing her FCA claim.  We see no error.

The FCA permits a private individual, or "relator," to file a *qui tam* action

against a party on her own behalf and on behalf of the government.  *Timson*,

518 F.3d at 872; *see* 31 U.S.C. § 3730(b)(1).  If the government elects not to

5

intervene, the relator then has the right to proceed with the action.  31 U.S.C. § 3730(c)(3).  Although the FCA itself is silent as to whether a private individual can bring a *qui tam* suit *pro se*, we have held that an individual may "not maintain a *qui tam* suit under the FCA as a *pro se* relator."  *Timson*, 518 F.3d at 874. Because our decision in *Timson* established that Ford could not proceed *pro se* to litigate this *qui tam* action, the district court did not err in dismissing her FCA claims.[2]

    **AFFIRMED.**

---

[2] Although Ford brought other claims against the defendants, she abandoned any challenge to the district court's dismissal of those claims by failing to raise any argument on appeal challenging the dismissal of those claims.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).